**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV137-MU-1**

|                              |   |          |
|------------------------------|---|----------|
| EMORY REDFEAR,               | ) |          |
|                              | ) |          |
| Plaintiff,                   | ) |          |
| Vs.                          | ) | **ORDER** |
|                              | ) |          |
| BEN THOMAS, <u>et al.</u>,   | ) |          |
|                              | ) |          |
| Defendants.                  | ) |          |

**THIS MATTER** comes before the Court for initial review upon Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed October 20, 2006.

Plaintiff, a minister and founder of the House of Hope Deliverance Ministries, has sued 10 individuals pursuant to jurisdiction founded "on the treaty of peace and friendship of 1787 between Morocco and the United States of America; the Moorish Great Seal Zodiac Constitution; the United States of America Constitution . . . ." Plaintiff seeks millions of dollars in damages. Plaintiff does not assert how the named defendants have violated his rights under the 1787 treaty. This Court does not recognize the Moorish Great Seal Zodiac Constitution as relevant authority for deciding cases. The United States Constitution does not by itself authorize a private cause of action by an individual against another individual. Consequently, the only authority for Plaintiff to sue these individuals in federal district court that this Court can discern is pursuant to 42 U.S.C. § 1983. However, as set forth below, Plaintiff fails to successfully allege a § 1983 claim against any of the Defendants.

## ANALYSIS

In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must establish that one of his constitutional rights or federal statutory rights was violated by a person acting under the color of state law.  42 U.S.C. § 1983.   For the reasons set forth below, Plaintiff does not successfully allege a claim against any of the named defendants.

### A.  NOT STATE ACTORS

Plaintiff, seeking monetary damages, sues Ben Thomas, Mark Childers, H. Thomas Church, and Samuel Winthrop, who are all attorneys.  Ben Thomas and Mark Childers are named for their actions with regard to civil matters.  Plaintiff provides no indication that they are state actors and they are dismissed from this case.  H. Thomas Church and Samuel Winthrop are named with regard to defending Plaintiff in his state criminal case.  Defense attorneys, whether retained or appointed, are not state actors.  See In Polk County v. Dodson, 454 U.S. 312 (1981); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976).  Consequently, they too are dismissed from this case.

### B.  IMMUNITY

Plaintiff names Christopher Collier, the state judge who presided over his state criminal case, as a defendant.  Plaintiff seeks $700,000 in damages from this Defendant.  Plaintiff asserts that Judge Collier imposed judgment on him without sufficient evidence.  Judges are immune from damages liability for judicial acts unless they are done in the clear absence of all jurisdiction.  See Stump v. Sparkman, 435 U.S. 349 (1978).  Plaintiff has not alleged any facts sufficient to support an allegation that Defendant Collier acted in the clear absence of all jurisdiction.  Consequently, the Court finds that Defendant Collier is immune

from liability in this matter.

Plaintiff also names as a defendant Susan Barton, the Grand Jury Foreman in his case. Plaintiff alleges that she was negligent in rendering a true bill of indictment without sufficient evidence. Plaintiff seeks $700,000 in damages from this Defendant. It is well established that grand jurors are immune from damages. See Imbler v. Pachtman, 424 U.S. 409, 423, n.20 (1976). Returning an indictment is well within the scope of a jurors duties and this Court holds that Susan Barton is immune from liability in this matter.

Plaintiff also names Sanders, a magistrate judge, as a defendant. It appears Plaintiff is suing Mr. Sanders with regard to a search warrant that he issued. Magistrate judges enjoy judicial immunity for actions taken in judicial capacity. See Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987). Consequently, this Court holds that Sanders is immune from liability in this matter.

Plaintiff also names Alan Martin, an attorney for the state, as a defendant. More specifically, Plaintiff alleges that Alan Martin should have known that the indictment against him was defective. Plaintiff seeks damages in the amount of seven million dollars. Prosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case, insofar as the conduct is intimately associated with the judicial phase of the criminal process. Burns v. Reed, 500 U.S. 478, 486 (1991). This Court holds that Alan Martin is immune from liability in this case.

## C. SEIZED ITEMS

Plaintiff also names C.W. Robbins and M.D. Brown, special agents, as defendants in this case. Plaintiff seeks $ 500,000 in damages from these defendants. Plaintiff alleges that they were the agents who executed the search warrant. Plaintiff alleges that the items

that were seized are in the possession of the district attorney's office and have not yet been returned.   Plaintiff seeks damages between five hundred thousand and one million from each of these defendants.  Critically, Plaintiff does not allege that the seized items are within the control of Robbins and Brown.  As such, if in fact the seized items are being unlawfully retained, such retention is not an act by these two individuals and Plaintiff fails to state a claim against them.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED**.


Signed: November 3, 2006

Graham C. Mullen
United States District Judge